UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RUDDY OSIAS,

                Plaintiff,

          v.

DEPARTMENT OF CORRECTION;
WARDEN KAPUTO; MULLING; HIGH;
RIVERA; CITY OF NEW YORK,

                Defendants.

---

22 Civ. 869 (PAE) (SLC)

ORDER

PAUL A. ENGELMAYER, United States District Judge:

Plaintiff Ruddy Osias, who is currently detained at the Vernon C. Bain Center, brings this *pro se* action under 42 U.S.C. § 1983. He asserts claims of excessive force and deliberate indifference to his serious medical needs, arising during his detention at the Anna M. Kross Center. By order dated February 25, 2022, the Court granted Osias's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## DISCUSSION

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

Osias's claims against the New York City Department of Correction ("DOC") must be dismissed. As an agency of the City of New York, the DOC lacks the capacity to be sued in its own name and must instead be sued in the name of the City of New York. *See* N.Y. City Charter

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). Accordingly, the Court dismisses Osias's claims against the New York City Department of Correction, without prejudice to his right to pursue such claims against the City of New York.

The Court also find that Local Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, defendants shall serve responses to these standard discovery requests. In their responses, defendants shall quote each request verbatim.[2]

The Clerk of Court is respectfully directed to electronically notify the New York City Department of Correction and the New York City Law Department of this Order. The Court requests that the remaining defendants waive service of summons. The Clerk of Court is also respectfully directed to mail a copy of this Order to Osias, together with an information package.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

[2] If Osias would like copies of these discovery requests before receiving the responses and does not have access to the website, Osias may request them from the Pro Se Intake Unit.

2

SO ORDERED.

                                         *Paul A. Engelmayer*
                                         Paul A. Engelmayer
                                         United States District Judge

Dated: March 15, 2022
            New York, New York