UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUDDY OSIAS,

                Plaintiff,

-v-

DEPARTMENT OF CORRECTION, et al,

                Defendants.

CIVIL ACTION NO.: 22 Civ. 869 (PAE) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

On September 6, 2022, pro se Plaintiff Ruddy Osias ("Mr. Osias") filed a declaration (the "Declaration") seeking to assert a claim under Monell v. Dep't of Soc. Servs. of City of New York claim against Defendant the City of New York (the "Monell claim"), which would supplement his original claim under 42 U.S.C. § 1983 claim alleging that the individual Defendants used excessive force against him in violation of the Eighth Amendment. 436 U.S. 658 (1978). (ECF Nos. 1; 25). On September 7, 2022, the Court construed the Declaration as a proposed amended complaint and directed Defendants to respond by September 27, 2022. (ECF No. 26). On September 27, 2022, Defendants file an answer to the Declaration. (ECF No. 29).

## II. DISCUSSION

Federal Rule of Civil Procedure 15 governs the amendments of pleadings. See Murrey v. BrandYourself.com, Inc., No. 21 Civ. 320 (AT) (JLC), 2022 WL 4395808, at *2 (S.D.N.Y. Sept. 23, 2022). Rule 15(a) provides that, "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under

Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  A court, nevertheless, "has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Franck v. N.Y. Health Care, Inc, No. 21 Civ. 4955 (GHW) (JLC), 2022 WL 4363855, at *16 (S.D.N.Y. Sept. 21, 2022) (quoting McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007)).  Further, "even when a party does not ask for leave to amend, the Court may grant leave to amend sua sponte." Breuninger v. Williams, No. 20 Civ. 7033 (JPC), 2022 WL 4384000, at *7 (S.D.N.Y. Sept. 22, 2022).  Ultimately, "it is within the sound discretion of the district court to grant or deny leave to amend." Kim v. Kimm, 884 F.3d 98, 105 (2d Cir. 2018) (quoting McCarthy, 482 F.3d at 200).

Here, Mr. Osias filed the Declaration 21 days after serving it, without Defendants' consent or the Court's leave.  Nevertheless, because Defendants have not objected to Mr. Osias' Declaration, filed an answer, and have not presented any arguments that the amendment is futile, made in bad faith or undue delay, or would cause them undue prejudice, the Court grants Mr. Osias' request to amend his Complaint to add the Monell claim.  See Razzoli v. City of N.Y., No. 16 Civ. 7136 (LGS), 2022 WL 2066109, at *2 (S.D.N.Y. June 8, 2022) (observing that "courts generally take a liberal approach in permitting pro se plaintiffs to amend their pleadings").

### III.    CONCLUSION

Accordingly, the Court construes the Declaration (ECF No. 25) as the operative First Amended Complaint, which will "control[] the case from th[is] point forward." Plon Realty Corp. v. Travelers Ins. Co., 533 F. Supp. 2d 391, 394 (S.D.N.Y. 2008).

The Clerk of the Court is respectfully directed to mail a copy of this order to Mr. Osias at the below address.

Dated:  New York, New York        SO ORDERED.
        September 29, 2022

_____
SARAH L. CAVE
United States Magistrate Judge

Mail to:   Ruddy Osias
           #22B2764
           Five Points C.F.
           State Rt. 96
           P.O. Box 119
           Romulus, NY 14541